**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Teresa Brown                                    Case No. 1:07cv340
                                                Judge Michael R. Barrett
       Plaintiff,

   v.

Textron Inc. d/b/a Greenlee,

       Defendant.

## <u>ORDER</u>

    This matter is before the Court pursuant to Defendant's motion to dismiss (Doc. 5).

Plaintiff filed a memorandum in opposition (Doc. 8) and Defendant replied (Doc. 12).  Also

pending is Plaintiff's motion to extend discovery (Doc. 19) to which Defendant opposed

(Doc. 20).  These matters are now ripe for review.

    This case was originally filed in state court but was removed, based upon diversity

of the parties, to this Court.  Plaintiff is a resident of Hamilton County, Ohio and the death

of Plaintiff's decedent occurred in Hamilton County, Ohio.  Defendant, Textron Inc. d/b/a

Greenlee ("Greenlee")  is a Delaware corporation.[1]  (Doc. 2, ¶1-3).  Plaintiff brings this

action as administrator of the Jonathon Brown Estate and as guardian of the minor children

of the decedent.

    I.    <u>Underlying Facts.</u>

    On December 20, 2004, Jonathon Brown was killed when he was electrocuted on

a job site. (Doc. 2, ¶5).   At the time of Mr. Brown's death, he used and had in his

---

[1]Defendant asserts that its correct name is Greenlee Textron, Inc.  However, for purposes of this motion
the Court will refer to Defendant as it is listed in the case caption or just as "Greenlee".

possession a Greenlee 1110 non-contract voltage tester ("tester").  Plaintiff alleges that the tester was defective but that such defect was not discovered until May of 2006, wherein it was discovered that the tester was the cause of Mr. Brown's death.  (Id. at ¶6-8).  Plaintiff then filed a wrongful death action against Greenlee on March 27, 2007 alleging that it failed to properly design, manufacture and/or market the tester. The filing of this action came almost 3 months after the statute of limitations for a wrongful death action expired.

II.     Arguments.

Defendant argues that because the state of Ohio statute of limitations had expired for this wrongful death claim, the Plaintiff has failed to state a cause of action on which relief can be granted.  Defendant also argues that the loss of parental consortium claim is time barred because the statute of limitations is not tolled until the age of majority in wrongful death claims.

Plaintiff counters that because it was not discovered until May of 2006 that the tester was the cause of death, the statute of limitations does not begin to run until this time. Plaintiff argues that the discovery rule applies in this case.  Plaintiff also argues that the Defendant misinterpreted the case law when it claimed that the statute of limitations did not toll on the loss of parental consortium claims, and that as a result, the claims can still proceed.

Both parties rely upon the Ohio Supreme Court case of *Collins v. Sotka*, 81 Ohio St.3d 506 (1998) to support their respective positions.  This Court finds *Collins* to be controlling.

III.    Legal Analysis.

A.     Standard of Review

2

A motion to dismiss pursuant to Rule 12 (b)(6) operates to test the sufficiency of the complaint. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). As the Supreme Court recently held in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, (May 21, 2007), a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974 (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

    B.    Wrongful Death Actions

Under the Ohio Revised Code § 2125.02(D)(1), "a civil action for wrongful death shall be commenced within two years of the decedent's death." Defendant cites to the case of *Sabol v. Pekoc, Jr.*, which describes the two year time limitation as a condition

3

precedent by explaining that "[i]f an action is not brought within two years from the death of the decedent it must fail, not because a statute of limitations provides the time within which it must be brought, but because the time limit is of the very essence of the action." *Sabol v. Pekoc, Jr.*, 148 Ohio St. 545, 552 (Ohio 1947).

In spite of the holding in *Sabol*, the Ohio Supreme Court, in *Collins v. Sotka*, supra, found that "the discovery rule applies to toll R.C. 2125.02(D), the two-year statute of limitations for a wrongful death claim." *Collins v. Sotka*, 81 Ohio St. 3d at 511. The Court found that "under the discovery rule, which is an exception to the general rule, a cause of action accrues when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she was injured by the wrongful conduct of the defendant. In essence, the running of the limitations period is delayed until triggered by a 'cognizable event' that alerts the plaintiff that he or she was injured by the defendant." *Id.* at 507-508.

While the Defendant, relying on *Collins*, a case where the administrator for the estate of a decedent filed a wrongful death action more than two years after the date of death but within two years of the killer's conviction, argues that this holding is limited to murders, this Court does not find that the Ohio Supreme Court was so limited in its finding. In so ruling the Ohio Supreme Court explicitly overruled a prior decision, *Shover v. Cordis Corp.*, 61 Ohio St. 3d 213, 574 N.E.2d 457 (1991), in which it previously found that the discovery rule did not apply to a wrongful death action wherein the death was caused by a defective pacemaker. The *Collins* Court stated:

> In reexamining this issue, we find that our analysis in *Shover* is flawed. To begin with, we incorrectly focused on the statutory language of the wrongful death statute and ignored the many policy considerations that have supported our application of the discovery rule in a variety of contexts.

A wrongful death claim is not triggered merely by the death of a person, but by "the death of a person * * * *caused by a wrongful act*." (Emphasis added.) R.C. 2125.01(A)(1); *see, also, Shover v. Cordis Corp.* 61 Ohio St. 3d 213, 220-221, 574 N.E.2d 457, 463 (1991), construing former R.C. 2125.01 (A. William Sweeney, J., dissenting). Therefore, in order for a wrongful death case to be brought, the death must be wrongful. The fact that a body was discovered and/or that a death took place is irrelevant unless there is proof that a defendant was at fault and caused the death. Death, in and of itself, does not trigger the running of the statute of limitations in a wrongful death case stemming from a murder.

Furthermore, we were incorrect in *Shover* when we stated that the discovery rule was traditionally limited to malpractice claims and when we noted that, with respect to a wrongful death claim, the injury manifests itself upon the death of the person.  Although the discovery rule was initially applied in the context of medical malpractice (*Melnyk v. Cleveland Clinic* [1972], 32 Ohio St. 2d 198, 61 Ohio Op. 2d 430, 290 N.E.2d 916; *Oliver v. Kaiser Community Health Found.*), it has not been limited solely to that area. Instead, it has been applied in several other situations. *See Cincinnati Gas & Electric Co. v. Gen. Elec. Co.* (S.D.Ohio 1986), 656 F. Supp. 49, 74 (fraud); *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St. 3d 69, 23 Ohio B. Rep. 200, 491 N.E.2d 1101 (adoption); *Skidmore & Hall v. Rottman* (1983), 5 Ohio St. 3d 210, 5 Ohio B. Rep. 453, 450 N.E.2d 684 (legal malpractice); *Liddell v. SCA Services of Ohio* (1994), 70 Ohio St. 3d 6, 635 N.E.2d 1233 (negligent exposure to toxic gas); *Ault v. Jasko* (1994), 70 Ohio St. 3d 114, 637 N.E.2d 870 (sexual abuse); *NCR Corp. v. U.S. Mineral Products Co.* (1995), 72 Ohio St. 3d 269, 649 N.E.2d 175 (asbestos removal).

*Collins v. Sotka*, 81 Ohio St. 3d 506, 509 (Ohio 1998).  Furthermore, the Ohio Supreme Court, in *Norgard v. Brush Wellman*, 95 Ohio St. 3d 165, 169 (Ohio 2002), found that a cause of action based upon an employer's intentional tort accrues when the employee discovers, or by the exercise of reasonable diligence should have discovered, the workplace injury and the wrongful conduct of the employer.  The Court stated that:

This holding is consistent with the rationale underlying a statute of limitations and the discovery rule. Its underlying purpose is fairness to both sides. Once a plaintiff knows of an injury and the cause of the injury, the law gives the plaintiff a reasonable time to file suit. Yet if a plaintiff is unaware that his or her rights have been infringed, how can it be said that he or she slept on

5

> those rights? To deny an employee the right to file an action before he or she discovers that the injury was caused by the employer's wrongful conduct is to deny the employee the right to bring any claim at all. By applying the discovery rule as we do, we take away the advantage of employers who conceal harmful information until it is too late for their employees to use it.

Based upon the above quoted language, it is clear to this Court that the Ohio Supreme Court intended to apply the discovery rule to all wrongful death actions, not just the ones instituted due to a murder.  Thus, the "clock" begins to run when the Plaintiff discovers, or in the exercise of reasonable care should have discovered, that the decedent was injured by the wrongful conduct of the Defendant.  At this stage of the litigation the Court must accept the allegations in the complaint as true; therefore, unless discovery proves otherwise, the Plaintiff discovered in May, 2006 that the wrongful conduct of the Defendant caused the decedent's death.  Thus, since this matter was filed within two years of learning this information, the claims were timely filed.

C.    Loss of Parental Consortium Claim

Plaintiff's second count against the Defendant is loss of parental consortium claim for the decedent's minor children.  Defendant argues that this claim is also time-barred.  Based upon the holding above, the Court finds that the loss of parental consortium claim is not time-barred.

IV.    Conclusion.

Defendant's motion to dismiss is hereby DENIED.  The Court hereby GRANTS Plaintiff's motion to extend discovery to April 1, 2008.  The dispositive motion deadline is hereby extended to April 15, 2008.  All other dates remain as scheduled.

**IT IS SO ORDERED.**

_s/Michael R. Barrett_

6

Michael R. Barrett, Judge
United States District Court