IN THE UNITED STATES COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERESA BROWN, et al., | ) CASE NO. 1:07cv340 |
|  | ) |
| Plaintiffs, | ) JUDGE MICHAEL R. BARRETT |
|  | ) |
| v. | ) |
|  | ) |
| TEXTRON INC. d/b/a GREENLEE, | ) |
|  | ) |
| Defendant/Third-Party Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| FLUKE ELECTRONICS CORPORATION | ) |
| c/o CT Corporation System | ) |
| 1300 East Ninth Street | ) **DEFENDANT GREENLEE TEXTRON,** |
| Cleveland, Ohio 44114 | ) **INC.'S ANSWER AND THIRD-PARTY** |
|  | ) **COMPLAINT** |
| Third-Party Defendant, | ) |
|  | ) |
| and | ) |
|  | ) |
| IRELAND METER ELECTRONICS | ) |
| (Hong Kong) LTD. | ) |
| Unit 6-7, 20/F, Yen Sheng Centre | ) **(Jury Demand Endorsed Hereon)** |
| 64 Hoi Yuen Road | ) |
| Kwun Tong, Kowloon | ) |
| Hong Kong | ) |
|  | ) |
| Third-Party Defendant. | ) |

Defendant Greenlee Textron, Inc. ("Greenlee"), erroneously named in Plaintiff's Complaint "Textron Inc. d/b/a Greenlee," by and through its counsel, and pursuant to Rules 12(a)(4)(A) and 14 of the Federal Rules of Civil Procedure, states for its Answer to Plaintiffs' Complaint and Third-Party Complaint, with Separate Defenses and Jury Demand, as follows:

## ANSWER TO JURISDICTION

1. In response to the allegations contained in Paragraph 1 of Plaintiffs' Complaint, Greenlee admits only that it is a Delaware corporation. Except as so expressly admitted, Greenlee denies each and every allegation set forth in Paragraph 1 of Plaintiffs' Complaint.

2. Greenlee denies each and every allegation set forth in Paragraph 2 of Plaintiffs' Complaint.

3. Greenlee denies each and every allegation set forth in Paragraph 3 of Plaintiffs' Complaint.

## ANSWER TO BACKGROUND

4. Greenlee realleges and reavers each and every admission and denial hereinbefore set forth as they may relate to the averments and allegations incorporated by reference in Paragraph 4 of Plaintiffs' Complaint.

5. Greenlee denies for want of information sufficient to form a belief the averments and allegations set forth in Paragraph 5 of Plaintiffs' Complaint.

6. Greenlee denies each and every allegation set forth in Paragraph 6 of Plaintiffs' Complaint.

7. Greenlee denies each and every allegation set forth in Paragraph 7 of Plaintiffs' Complaint.

8. Greenlee denies each and every allegation set forth in Paragraph 8 of Plaintiffs' Complaint.

## ANSWER TO COUNT I – WRONGFUL DEATH UNDER OHIO REVISED CODE § 2125.01

9. Greenlee realleges and reavers each and every admission and denial hereinbefore set forth as they may relate to the averments and allegations incorporated by reference in Paragraph 9 of Plaintiffs' Complaint.

10. Greenlee denies each and every allegation set forth in Paragraph 10 of Plaintiffs' Complaint.

11. Greenlee denies, for want of knowledge and information sufficient to form a belief, the averments and allegations set forth in Paragraph 11 of Plaintiffs' Complaint.

12. Greenlee denies each and every allegation set forth in Paragraph 12 of Plaintiffs' Complaint.

## ANSWER TO COUNT II – LOSS OF PARENTAL CONSORTIUM

13. Greenlee realleges and reavers each and every admission and denial hereinbefore set forth as they may relate to the averments and allegations incorporated by reference in Paragraph 13 of Plaintiffs' Complaint.

14. Greenlee denies each and every allegation set forth in Paragraph 14 of Plaintiffs' Complaint.

15. Greenlee controverts Plaintiffs' damages and the prayer for relief set forth in the unnumbered below Paragraph 14 of Plaintiffs' Complaint.

## FIRST SEPARATE DEFENSE

16. Greenlee states that Plaintiffs' Complaint as to it fails to state a cause of action upon which relief can be granted under the Ohio Product Liability Act, Ohio Revised Code § 2307.71 *et seq.* and otherwise. Thus, Plaintiffs' Complaint must be dismissed.

## SECOND SEPARATE DEFENSE

17. Greenlee states that Plaintiffs are not the real parties in interest as to all or a portion of the claims which they are asserting. Thus, Plaintiffs' Complaint must be dismissed.

### THIRD SEPARATE DEFENSE

18. Greenlee states that Plaintiffs have failed to join parties as required by Rule 19 of the Federal Rules of Civil Procedure and have failed to state their reasons for such non-joinder. Thus, Plaintiffs' Complaint must be dismissed.

### FOURTH SEPARATE DEFENSE

19. Greenlee states that Plaintiffs' Complaint is barred by the statute of limitations.

### FIFTH SEPARATE DEFENSE

20. Greenlee states that Plaintiffs' Complaint is barred for lack of personal and subject matter jurisdiction.

### SIXTH SEPARATE DEFENSE

21. Greenlee states that Plaintiffs' Complaint is barred for lack of sufficient and proper service of process.

### SEVENTH SEPARATE DEFENSE

22. Greenlee states that Plaintiffs' Complaint is barred by the legal doctrine of assumption of risk both express and implied.

### EIGHTH SEPARATE DEFENSE

23. Greenlee states that Plaintiffs' Complaint must be dismissed based on the legal doctrine of product misuse as the same is defined under the applicable Ohio law.

### NINTH SEPARATE DEFENSE

24. Greenlee states that Plaintiffs' Complaint is barred by the doctrine of intervening and superseding cause as the same is defined under the applicable Ohio law.

### TENTH SEPARATE DEFENSE

25. Greenlee states that Plaintiffs' Complaint is barred because Plaintiffs cannot establish, by a preponderance of the evidence, the prima facie elements of their claim under Ohio Revised Code § 2307.78.

**ELEVENTH SEPARATE DEFENSE**

26. Greenlee states that Plaintiffs' Complaint is barred by the legal doctrine of comparative negligence as the same is defined under the applicable Ohio law.

**TWELFTH SEPARATE DEFENSE**

27. Greenlee, while at all times denying that it supplied or manufactured any product from which Plaintiffs complain, states that any product supplied or manufactured by it was modified, altered, and substantially changed from the date of its original supply and/or manufacture by individuals and entities other than it without its knowledge or recommendation. Such modifications and alterations were significant contributing factors to Plaintiffs' alleged losses, damages, and injuries. Thus, Plaintiffs' Complaint is barred as to Greenlee based on the legal doctrine of product modification and alteration as the same is defined under the applicable Ohio law.

**THIRTEENTH SEPARATE DEFENSE**

28. Greenlee states that Plaintiffs' claim for punitive damages is barred by the state and federal Constitutions, Ohio Revised Code § 2307.80, and the applicable Ohio law.

**FOURTEENTH SEPARATE DEFENSE**

29. Greenlee states that Plaintiffs' Complaint is barred because Plaintiff Teresa Brown may not recover damages in this action pursuant to Ohio Revised Code 2125.01 *et seq.*

**FIFTEENTH SEPARATE DEFENSE**

30. Plaintiffs' Complaint is barred in its entirety due to the failure of causation.

**SIXTEENTH SEPARATE DEFENSE**

31. Plaintiffs' claims are barred in their entirety by the applicable statute of repose.

**SEVENTEENTH SEPARATE DEFENSE**

32. Greenlee expressly reserves the right to amend, modify, delete or add to its defenses as such defenses become apparent during the course of discovery in this case.

WHEREFORE, having fully answered, Defendant Greenlee Textron Inc. demands that Plaintiffs' Complaint be dismissed with prejudice and that it may go hence with its costs, expenses, and attorneys' fees without delay and for such other just and equitable relief as this Court may deem fit.

## JURY DEMAND

Defendant/Third-Party Plaintiff Greenlee Textron, Inc. demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

s/ *Thomas W. Baker*
JEFFREY A. HEALY (0059833)
E-mail:  Jeffrey.Healy@tuckerellis.com
THOMAS W. BAKER (0070558)
E-mail:  Thomas.Baker@tuckerellis.com
TUCKER ELLIS & WEST LLP
1100 Huntington Building
925 Euclid Avenue
Cleveland, Ohio  44115-1414
TEL:   (216) 592-5000
FAX:   (216) 592-5009

*One of the Attorneys for Defendant/Third-Party Plaintiff Greenlee Textron, Inc., erroneously named "Textron Inc. d/b/a Greenlee"*

**THIRD-PARTY COMPLAINT AGAINST FLUKE ELECTRONICS CORPORATION AND IRELAND METER ELECTRONICS (HONG KONG) LTD.**

Greenlee Textron, Inc. ("Greenlee"), erroneously named in Plaintiffs' Complaint "Textron Inc. dba Greenlee," by and through its counsel and pursuant to Rule 14 of the Federal Rules of Civil Procedure, hereby asserts a Third-Party Complaint against Fluke Electronics Corporation ("Fluke") and Ireland Meter Electronics (Hong Kong) Ltd ("Ireland Meter") as follows:

**JURISDICTION**

1. This Court has supplemental jurisdiction over this third-party complaint pursuant to 28 U.S.C. § 1367.

2. This Court has personal jurisdiction over third-party defendants Fluke and Ireland Meter because both entities regularly conduct substantial business in Ohio.

3. Venue is proper because the United States District Court for the Southern District of Ohio, Western Division, encompasses the county in which the event which forms the basis for Plaintiffs' Complaint and this Third-Party Complaint occurred.

4. The assertion of Greenlee's Third-Party Complaint does not change the propriety of venue in this Court under 28 U.S.C. § 1391.

**PARTIES**

5. Greenlee is a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of Illinois.

6. Third-party Defendant Fluke is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business located at 9028 Evergreen Way in Everett, Washington 98204, and is in the business of manufacturing, distributing and servicing electronic testing equipment.

7. Third-party Defendant Ireland Meter is a Hong Kong-based manufacturer of electronic test tools and equipment.

## FACTS

8.	Plaintiffs' Complaint alleges that her decedent Jonathon Brown was "mortally injured" on December 20, 2004, as a consequence of Greenlee's failure to "properly design, manufacture and/or market" a non-contact voltage tester.

9.	Plaintiffs claim that decedent Brown "used and had in his possession" a defective Greenlee 1110 non-contact voltage tester at or around the time he was electrocuted.

10.	While at all times denying any and all liability to Plaintiffs, Greenlee states that it did not, nor has it ever, manufactured or designed this voltage tester. Greenlee purchases voltage testers from manufacturers, then markets, sells and supplies the testers through its chain of distribution.

11.	While at all times denying any and all liability to Plaintiffs, Greenlee further states that assuming Plaintiff can prove that the subject voltage detector at issue was one supplied by Greenlee, then it would have been a 1110 Greenlee No. 50075616 non-contact voltage tester.

12.	During all relevant time periods, Greenlee purchased the 1110 Greenlee No. 50075616 non-contact voltage tester from Ireland Meter.

13.	Ireland Meter manufactured the 1110 Greenlee voltage tester at its plant located at 4F Golden Bridge Building Eastwing, in Zhuhai-China.

14.	Fluke acquired Ireland Meter in 2003. Through this acquisition, Fluke, upon information and belief, agreed to indemnify Ireland Meter and to assume liabilities for, or arising out of, claims alleging or asserting that Ireland Meter's voltage meters are defective in design, manufacture, or otherwise.

## COUNT I

15. Greenlee restates, reavers and realleges Paragraphs 1 through 14 of its third-party complaint as the same are set forth in Paragraphs 1 through 14 herein.

16. While at all times denying liability, Defendant/Third-Party Plaintiff Greenlee reavers and restates Plaintiffs' Complaint for the purposes of this Third-Party Complaint. Greenlee also reavers and restates its answer to Plaintiffs' Complaint and incorporates all Separate Defenses as set forth therein.

17. Greenlee was named as a Defendant by Plaintiffs in their Complaint filed March 27, 2007, in the Court of Common Pleas for Hamilton County, Ohio, and removed to this Court on April 26, 2007.

18. Plaintiffs allege that Defendant/Third-Party Plaintiff Greenlee is liable to them, and they have asserted claims against Greenlee, arising out of their allegation that decedent Jonathon Brown was electrocuted as a consequence of a defective 1110 voltage tester that was improperly designed, manufactured and/or marketed.

19. While at all times denying liability, Greenlee states that if it is found and/or held liable to Plaintiffs in this action, then Third-Party Defendants Fluke and Ireland Meter are liable to Greenlee for indemnification and contribution because the acts and omissions of Fluke and Ireland Meter were active and primary to any acts or omissions on the part of Greenlee, which acts or omissions are specifically denied. The acts and omissions of Fluke and Ireland Meter, manufacturers of the non-contact voltage meter, intervene and supersede the acts and omissions of Greenlee, if any, which acts and omissions are specifically denied.

20. For the foregoing reasons, Third-Party Plaintiff Greenlee while denying any negligence or liability on its part, states that, if it should be found in any way liable to Plaintiff,

then it is entitled to indemnification and contribution from Fluke and Ireland Meter for any and all sums that may be adjudged in verdict or settlement amounts against it.

WHEREFORE, Defendant/Third-Party Plaintiff Greenlee Textron, Inc. demands judgment for indemnity and/or contribution against third-party defendants Fluke Electronics Corporation and Ireland Meter Electronics (HK) Ltd. for any recovery against it by Plaintiff, including all litigation costs and expenses and attorneys' fees incurred in the defense of this action and in the prosecution of this cross-claim and for such other just and equitable relief as this Court may deem fit.

Respectfully submitted,

s/ *Thomas W. Baker*
JEFFREY A. HEALY (0059833)
E-mail:  Jeffrey.Healy@tuckerellis.com
THOMAS W. BAKER (0070558)
E-mail:  Thomas.Baker@tuckerellis.com
TUCKER ELLIS & WEST LLP
1100 Huntington Building
925 Euclid Avenue
Cleveland, Ohio  44115-1414
TEL:   (216) 592-5000
FAX:   (216) 592-5009

*Attorneys for Defendant/Third-Party Plaintiff Greenlee Textron, Inc., erroneously named "Textron Inc. d/b/a Greenlee"*

## **JURY DEMAND**

Defendant/Third-Party Plaintiff Greenlee Textron, Inc. demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

s/ *Thomas W. Baker*
JEFFREY A. HEALY (0059833)
E-mail:  Jeffrey.Healy@tuckerellis.com
THOMAS W. BAKER (0070558)
E-mail:  Thomas.Baker@tuckerellis.com
TUCKER ELLIS & WEST LLP
1100 Huntington Building
925 Euclid Avenue
Cleveland, Ohio  44115-1414
TEL:   (216) 592-5000
FAX:   (216) 592-5009

*One of the Attorneys for Defendant/Third-Party Plaintiff Greenlee Textron, Inc., erroneously named "Textron Inc. d/b/a Greenlee"*

## CERTIFICATE OF SERVICE

A copy of the foregoing has been filed using the Court's electronic filing system, and forwarded by regular U.S. Mail, postage prepaid, this 29th day of February, 2008, to:

| | |
|---|---|
| Eric C. Deters, Esq.<br>Eric C. Deters & Associates<br>5247 Madison Avenue<br>Independence, Kentucky 41051<br>Telephone:  (859) 363-1900<br>Facsimile:  (859) 363-1444 | *Attorney for Plaintiff* |

 

           s/ *Thomas W. Baker*
           *One of the Attorneys for Defendant/Third-Party*
           *Plaintiff Greenlee Textron, Inc., erroneously named*
           *"Textron Inc. d/b/a Greenlee"*